**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. TRENGROVE, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 23-00941(JKS)(JBC) <br><br> **WHEREAS OPINION** <br><br> January 18, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** having come before this Court upon the filing of Defendant Department of Justice's ("Defendant") Motion to Dismiss *pro se* Plaintiff William J. Trengrove Jr.'s ("Plaintiff") Complaint, (ECF 1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), (ECF 15), and the Court having considered the Complaint and Defendant's and Plaintiff's submissions,[1] and having reached its decision without oral argument pursuant to Rule 78; and

**WHEREAS** Plaintiff's Complaint alleges claims that stem from his mother's personal injuries and death and arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680 (*see* ECF 1-1; ECF 16-1); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir.

---

[1] Plaintiff's Opposition to the Motion to Dismiss (ECF 16-1) also included a Motion for Summary Judgment. In light of this Court's decision on the Motion to Dismiss, Plaintiff's Motion for Summary judgment is moot.

2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** "the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA, which provides the exclusive remedy for tort claims against the United States, is a limited waiver of sovereign immunity, *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009), subject to enumerated exceptions. 28 U.S.C. § 2680. Pursuant to the discretionary function exception, the United States is immune from FTCA claims that arise from a federal employee's acts or omissions involving certain discretionary duties or functions. 28 U.S.C. § 2680(a). Here, Defendant had the discretion to decide whether to allocate resources to pursue charges for the crimes Plaintiff alleged. *See Baer v. United States*, 722 F.3d 168, 175 (3d Cir. 2013) ("Whether to pursue a lead, to request a document, or to assign additional examiners to an investigation are all discretionary decisions, which necessarily involve considerations of, among other things, resource allocation and opportunity costs."); and

**WHEREAS** Plaintiff was required to exhaust administrative remedies and assert in the Complaint that such administrative remedies have been exhausted. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Plaintiff, however, did not satisfy the administrative exhaustion requirement. *White-Squire*

*v. U.S. Postal Serv.*, 592 F.3d 453, 458 (3d Cir. 2010) ("[A] claimant's failure to present [his] FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim."); and

**WHEREAS** Plaintiff's mother died on January 30, 2020. A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). Therefore, Plaintiff's time to present his claim to the Department of Justice expired on January 30, 2022, such that permitting an amendment to the Complaint would be futile; therefore,

**IT IS, on this 18th day of January 2024**,

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:    Parties
       James B. Clark, U.S.M.J.